**UNITED STATES of America**

v.

**Nafice FIELDS, Appellant.**

No. 08–3232.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 22, 2009.

Filed: Oct. 9, 2009.

Michelle Morgan–Kelly, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Caroline G. Cinquanto, Esq., Philadelphia, PA, for Appellant.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

A jury convicted Nafice Fields of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 84 months of imprisonment, followed by three years of supervised release. Fields raises two issues on appeal. First, he argues that the District Court erred in denying his motion to sever his

case from that of his co-defendant, Kaleel Wilson. Second, Fields challenges the District Court's denial of his motion for judgment of acquittal based on the Government's alleged failure to present sufficient evidence to support his conviction. For the reasons set forth below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

The events giving rise to Fields' conviction occurred on July 5, 2007. At approximately 10:15 p.m., Philadelphia Police Officers Jared Netzer and Ryan Murphy stopped a white minivan for speeding. Fields' co-defendant, Kaleel Wilson, was driving the vehicle; Baba Tunkara was seated in the front passenger seat; and Fields was seated alone in the rear, third row. Officer Murphy observed a fully loaded, nine millimeter semi-automatic handgun under the seat at Fields' feet. A further search uncovered a second gun in Tunkara's pocket and 16.2 grams of crack cocaine in 115 small baggies. The officers arrested all three men.

On November 7, 2007, a grand jury indicted Fields with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The same indictment also charged Wilson with both narcotics and firearm offenses.[1] On January 15, 2008, Fields filed a motion to sever his trial from that of Wilson. The motion was denied. The co-defendants proceeded to a joint trial in the United States District Court for the Eastern District of Pennsylvania. During trial, government witness Desmond Davis testified that, earlier on

the same day as the arrest, he saw Fields, with a black gun on his hip, briefly exit the minivan to hand something to someone on the street. He also testified that he saw Wilson in the same van on the same day. Based on his observations, Davis stated that he believed Fields and Wilson were dealing drugs. The Government also put Hildebert Prawl, the manager of the Hertz rental car location that rented the minivan to Wilson, on the stand. Prawl testified that Hertz vehicles are thoroughly cleaned between rentals.

At the close of the Government's case, Fields moved for judgment of acquittal, which the District Court denied. Fields did not renew the motion at the close of evidence or after the verdict. A jury found Fields guilty of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the District Court sentenced him to 84 months of imprisonment and three years of supervised release. Fields filed a timely appeal.

## II.

The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the joinder of defendants under Federal Rule of Criminal Procedure 8(b) de novo. *United States v. Thornton*, 1 F.3d 149, 152 (3d Cir.1993). We review the denial of a pretrial motion for severance for an abuse of discretion. *United States v. Hart*, 273 F.3d 363, 369 (3d Cir.2001). When reviewing the sufficiency of evidence necessary to sustain a conviction, "we must view the evidence in the light most favorable to the government." *United States v. Anderson*, 108 F.3d 478, 480 (3d Cir.1997). We "will sustain the verdict if any rational trier of

---

1. Tunkara had told police that Wilson handed him the gun as Officers Netzer and Murphy

were pulling the vehicle over.

fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent,* 149 F.3d 180, 187 (3d Cir.1998). If a defendant fails to renew his motion for judgment of acquittal at the close of the defense's case, "the alleged insufficiency of the evidence with respect to the essential elements of the offense must constitute plain error in order to warrant reversal." *Anderson,* 108 F.3d at 480.

## III.

Fields challenges his conviction on two separate grounds. First, Fields argues that the District Court erred in denying his motion to sever his trial from that of his co-defendant, Wilson. Next, Fields contends that the Government failed to present sufficient evidence to support his conviction. We will consider each argument in turn.

## A.

Fields' disagreement with the District Court's refusal to sever his case is twofold: first, Fields contends that, because he was not charged with conspiracy, joinder was improper under Federal Rule of Criminal Procedure 8(b); second, Fields argues that the District Court's failure to sever his case resulted in prejudice due to the additional drug charges filed against co-defendant Wilson.

■ Rule 8(b), which governs the joinder of multiple defendants in criminal prosecutions, states:

"The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

Fed.R.Crim.P. 8(b). The Third Circuit has held that " '[t]here is a preference in the federal system for joint trials of defendants who are indicted together.' " *United States v. Davis,* 397 F.3d 173, 182 (3d Cir.2005) (quoting *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). Contrary to Fields' contention, Rule 8(b) only requires that the offenses be part of the same act or transaction, or same series of acts or transactions; it does not require that a defendant be charged with conspiracy.

■ There is sufficient evidence here to demonstrate that Fields and Wilson were engaged in the same series of acts or transactions. Both Fields and Wilson were in the white minivan when Officers Netzer and Murphy pulled the van over for speeding, and, after observing the gun, the officers proceeded to arrest Fields and Wilson together. In addition, Davis' eyewitness testimony not only connected each defendant to the white minivan, but also suggested that Fields and Wilson were jointly selling drugs from the vehicle.

This case is similar to *Davis,* 397 F.3d at 173. In *Davis,* three occupants arrested from the same vehicle were jointly tried for narcotics and gun related offenses, notwithstanding the lack of a conspiracy charge. *Id.* at 176–77. When one of the defendants argued on appeal that joinder was inappropriate because the drugs and guns on each defendant were not related, we concluded that "these 'seemingly unrelated' guns and drugs were all *recovered from men riding together in the same car* and, therefore, there was a strong basis to conclude that these guns and drugs were connected." *Id.* at 182 (emphasis added). The differing facts of *Davis*—the *Davis* defendants' vehicle led police on a highspeed chase and each *Davis* defendant was in possession of both firearms and drugs—were not central to our analysis on this

point and thus do not affect the application of *Davis* here. Therefore, although Fields and Wilson were not charged identically, we find that joinder was proper under Rule 8(b).

■ Federal Rule of Criminal Procedure 14(a) governs severance due to prejudicial joinder. The rule provides as follows:

"If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Fed.R.Crim.P. 14(a). A defendant bears "a heavy burden and must demonstrate not only that the court would abuse its discretion if it denied severance, but also that the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Lore,* 430 F.3d 190, 205 (3d Cir.2005) (internal citations and quotations omitted). A defendant is not entitled to severance solely because the evidence against a co-defendant is more damaging. *Davis,* 397 F.3d at 182. The issue is whether the jury will be able to "compartmentalize the evidence as it relates to separate defendants." *Id.*

Here, Fields does not meet his heavy burden by arguing that Wilson's additional drug charges automatically prejudiced him because he was only charged with gun possession. Not only are such "mere allegations of prejudice" insufficient, *United States v. Reicherter,* 647 F.2d 397, 400 (3d Cir.1981), but here the distinct charges may actually better enable the jury to "compartmentalize the evidence." *Davis,* 397 F.3d at 182. Furthermore, as in *Davis,* the facts of the present case are "relatively simple": the acts in question were confined to a single day; there are

only two defendants; and "there are no overly technical or scientific issues." *Id.* Finally, it is not disputed that the District Court gave a limiting instruction directing the jury to consider the charges against each defendant separately. All things considered, since Fields has not produced any other evidence of prejudice, we cannot agree that the District Court abused its discretion by failing to sever Fields' trial under Rule 14(a).

### B.

■ Fields also contends that the Government did not offer sufficient evidence to support his conviction under 18 U.S.C. § 922(g)(1). Specifically, Fields claims that the Government failed to establish that he was in possession of a firearm.

We have held that to establish possession of contraband "the government need not show proof of actual possession." *United States v. Brown,* 3 F.3d 673, 680 (3d Cir.1993). "[T]o show [the alternative] 'constructive' possession ... the government must submit sufficient evidence to support an inference that the individual 'knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" *Id.* (citations omitted). While dominion or control may be shared with others, "mere proximity," "mere presence on the property" where the contraband is located, or "mere association with the person" who exercises control over the contraband or property is "insufficient to support a finding of possession." *Id.* (citations omitted).

Fields argues that there is no evidence that he had knowledge of the firearm's presence or that he intended to exercise dominion or control over the firearm. In support of his position, Fields notes that he never gave a statement affirming his

ownership of the gun, that there was no physical evidence, such as fingerprints, of possession, and that he did not engage in any furtive movements or act in a suspicious or nervous manner when the police approached the van.

Since Fields failed to renew his motion for judgment of acquittal, the alleged insufficiency of evidence must constitute plain error to warrant reversal. *See Anderson,* 108 F.3d at 480. While we acknowledge that proof of actual possession does not exist in this case, there is sufficient evidence to permit a rational jury to find constructive possession. Davis testified that he saw Fields carrying a black gun earlier on the same day as his arrest as he exited and reentered the white minivan. Perhaps most significantly, Officer Murphy testified that he observed the gun directly below Fields, who sat in the rear seat of the van. The fact that Fields was in such close proximity to the gun in a small, enclosed vehicle, as opposed to a larger and more spacious residence, is especially telling. Finally, Prawl's testimony regarding the routine cleaning procedures at Hertz suggests that the gun did not belong to a prior occupant of the vehicle.

Fields also challenges Davis' testimony, arguing that it is inconsistent with both Davis' earlier, signed statement and the other evidence presented at trial. Unlike this Court, which is limited to the skeletal trial transcript, the jury had the best opportunity to evaluate Davis' credibility. *See United States v. Jannotti,* 673 F.2d 578, 598 (3d Cir.1982) ("Credibility determinations are for the jury."). Accordingly, the jury was entitled to find Davis' testimony reliable.

In sum, there is sufficient evidence to support the inference that Fields knowingly had both the power and intention to exercise dominion and control over the firearm. Therefore, we cannot find that the District Court erred in denying Fields' motion for judgment of acquittal.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of conviction.